Michael MORROW, Plaintiffs,

v.

BARD ACCESS SYSTEMS, INC., a Utah corporation, Defendant.

Civil No. 3:10–cv–00209–JO.

United States District Court, D. Oregon.

June 20, 2011.

Richard C. Busse, Busse & Hunt, Portland, OR, for Plaintiffs.

Jeffrey S. Bosley, Man Overbeck, Winston & Strawn, LLP, San Francisco, CA, Ryan S. Gibson, Victor J. Kisch, Stoel Rives, LLP, Portland, OR, for Defendants.

## OPINION AND ORDER

JONES, District Judge:

Plaintiff Michael Morrow brought this action against defendant Bard Access Systems, Inc., in state court, alleging claims for age discrimination under ORS Chapter 659A, and common law claims for wrongful discharge. Defendant removed the action to this court based on diversity jurisdiction.

The case is now before the court on defendant's motion (# 25) for summary judgment. For the reasons stated below, defendant's motion is denied as to plaintiffs age discrimination claim and granted as to the wrongful discharge claims.

## STANDARDS

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge,* 865 F.2d 1539, 1542 (9th Cir.1989).

The substantive law governing a claim determines whether a fact is material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986): *see also T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630 (9th Cir.1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. *T.W. Elec. Service,* 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. *Id.* at 630–31.

## DISCUSSION

The parties are familiar with their extensive evidentiary submissions, and I find it unnecessary to repeat the factual background of this dispute here. Having thoroughly reviewed the parties' arguments and submissions, I conclude that summary judgment on plaintiff's age discrimination claim must be denied, but that his wrongful discharge claims are not viable and must be dismissed.

### 1. *Age Discrimination*

The record establishes that during his employment with defendant, plaintiff "was his own worst enemy," as defendant points out and has thoroughly documented. But the record also shows that plaintiff consistently was a top performer in sales. Despite plaintiff's success in sales, defendant contends that plaintiff's long history

of administrative failings, misconduct, and other behavior, including the final unprofessional email[1] that is central to defendant's arguments, resulted in the decision to terminate his employment. The evidence strongly supports defendant's position.

Plaintiff, in turn, contends that age, not misconduct, was the reason for his termination. In support of his argument, plaintiff largely relies on his own affidavit, in which he describes statements made by several of defendant's managers that may be construed as demonstrating age bias. Because this is a summary judgment proceeding, the veracity of plaintiff's testimony is not before the court. Accepting plaintiff's testimony as true for purposes of the pending motion, a reasonable trier of fact could find that plaintiff's termination was an unlawful employment practice under ORS Chapter 659A.[2]

The parties debate whether causation is measured by the "but for" test the United States Supreme Court articulated in *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009), for federal Age Discrimination in Employment Act ("ADEA") cases, or the "substantial factor" test ordinarily applied in Oregon state law discrimination claims. *See, e.g., Seitz v. State by and Through Albina Resources Center*, 100 Or.App. 665,

675, 788 P.2d 1004 (1990)(sex and race discrimination). Neither party has cited an Oregon appellate court decision that addresses the specific issue of causation in a ORS Chapter 659A age discrimination case, nor has this court found one.

■ It is tempting to construe the language of the Oregon law as the Supreme Court did in *Gross,* because the pertinent language interpreted in *Gross* is identical in both statutes, *i.e.,* with respect to causation, both statutes prohibit discrimination "because of age." *Compare* 29 U.S.C. § 623(a)(1) with ORS 659A.030(1)(a). The ADEA, however, specifically applies only to age discrimination, while ORS 659A.030(1)(a) prohibits discrimination "because of race, color, religion, sex, sexual orientation, national origin, marital status or age...." As noted above, although no Oregon appellate decision interprets the "because of language in the context of an age discrimination case, the courts have clarified that the 'substantial factor' " test applies to other forms of discrimination prohibited by the same statute. *See, e.g., Ettner v. City of Medford,* 178 Or.App. 303, 35 P.3d 1140 (2001) (gender); *Winnett v. City of Portland,* 118 Or.App. 437, 847 P.2d 902 (1993) (sex); *Seitz, supra,* 100 Or.App. at 675, 788 P.2d 1004 (sex and race); *see also Ventura v. Johnson Controls, Inc.,* 2010 WL 3767882 at *10 (D.Or.

---

1. In response to an inquiry from a clinical nurse at OHSU, one of defendant's significant customers, concerning whether plaintiff wanted to continue as the industry representative on the Oregon Vascular Access Network ("ORVAN"), plaintiff responded:

   You are kidding, right? I have heard the terrible and untrue things you, Jamie, and Leslie have said about me. I have heard it from [defendant], and I have heard it from several different reps as well. I hope I never have to be in the same room as any of you. You have disparaged me and killed my career at [defendant]. You should all be ashamed of yourselves. I will pray for

   you all, but I will not put myself in a position to be your scapegoat ever again. The lack of integrity and truthfulness you have all demonstrated is deplorable, and I cannot pretend for political reasons that it is not. So, no, I do now want anything to do with [ORVAN].

   *See, e.g.,* Declaration of Richard Busse, Attachment 21. Plaintiff sent the email on January 11, 2009; he was terminated on January 26, 2009, a mere two weeks later.

2. Defendant filed evidentiary objections to plaintiff's declaration (# 40), but I decline to rule on those objections at this juncture.

Sept. 16, 2010). And as the Oregon Court of Appeals recently noted:

> The ultimate factual question that must be addressed in such a civil action is whether the plaintiff has proved that the defendant intentionally discriminated against the plaintiff, that is, whether the defendant treated the plaintiff differently, and adversely, because of ... age.

*Christianson v. State of Oregon,* 239 Or. App. 451, 455, 244 P.3d 904 (2010).

The record in this case strongly supports an inference that plaintiff was, indeed, terminated for performance deficiencies and misconduct. On the other hand, the record also demonstrates that defendant initially planned to respond to plaintiff's unprofessional email by disciplining him and giving him a formal letter of reprimand, not terminating him. The fact that defendant terminated plaintiff just weeks before his second installment of deferred stock awards was to vest, coupled with plaintiff's testimony concerning age-based comments by defendant's managers, permits an inference, albeit a weak one, that plaintiff's age was a substantial factor in defendant's decision to terminate him. Based on the above, I conclude that plaintiff's evidence is sufficient to establish his *prima facie* case of discrimination under the evidentiary framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which this court applies to both federal and Oregon state law discrimination claims. *Snead v. Metropolitan Property & Casualty Insurance Company,* 237 F.3d 1080, 1094 (9th Cir.2001).

## 2. *Wrongful Discharge*

Plaintiff alleges two claims for wrongful discharge, one tort claim and one contract claim. In the tort claim, plaintiff alleges that he was wrongfully discharged for complaining about allegedly unsafe products that defendant marketed. In his so-called "wrongful termination-contract" claim, plaintiff alleges that defendant terminated him to avoid having to pay certain stock awards that had not yet vested. *See* Amended Complaint, Claims 2 and 3.

Oregon courts have repeatedly affirmed the validity of the "at-will employment rule," holding that " '[g]enerally an employer may discharge an employe[e] at any time and for any reason, absent a contractual, statutory or constitutional requirement [to the contrary].' " *Babick v. Oregon Arena Corporation,* 333 Or. 401, 407 and n. 2, 40 P.3d 1059 (2002) (*quoting Patton v. J.C. Penney Co.,* 301 Or. 117, 120, 719 P.2d 854 (1986)). Oregon courts also recognize, however, that discharge of an at-will employee may be deemed "wrongful" under certain circumstances, for example, "when the discharge is for exercising a job-related right that reflects an important public policy" or "when the discharge is for fulfilling some important public duty." *Babick,* 333 Or. at 407, 40 P.3d 1059 (citations omitted).

■ Plaintiff's "wrongful discharge" tort claim fits neither example. More importantly, plaintiff has presented no plausible evidence that his complaints about products were a factor, let alone a substantial factor, in defendant's decision to discharge him. Similarly, even if the court were to accept plaintiff's "wrongful termination—contract" theory of recovery,[3]

---

**3.** I agree with defendant that plaintiff's "wrongful discharge—contract" claim fails as a matter of law for the reasons set forth in Defendant's Reply, pp. 29–30. Further, whether ERISA is or is not implicated by

plaintiff's contract claim is not an issue this court must address to resolve defendant's motion; the court also rejects plaintiff's argument that he has a valid ERISA claim because

there is no plausible evidence that the future vesting of stock awards, standing alone, resulted in defendant's decision to terminate plaintiff or even was a substantial factor in that decision. The possible vesting of future stock awards is relevant only as some circumstantial evidence, albeit weak evidence, of age discrimination, as plaintiff suggests and the court, with reservation, accepts. *See* discussion *supra.*

## CONCLUSION

For the reasons stated, defendant's motion (# 25)is granted in part and denied in part, as follows: GRANTED as to plaintiff's wrongful discharge claims (Claims 2 and 3) and DENIED as to plaintiff's age discrimination claim (Claim 1).

his Amended Complaint alleges no such claim.